UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**OPERATIVE PLASTERERS AND CEMENT MASONS #204,**

      Plaintiff,

 v.                                            Case No.  14-cv-426

**PREFERRED CONCRETE & EXCAVATING, INC.,**

      Defendant.
_____

### COMPLAINT
_____

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdictional and Venue

1. Jurisdiction of this Court upon Defendant Preferred Concrete & Excavating, section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiff is aggrieved by the Defendant's violation of certain collective bargaining agreements and Defendant's continued refusal to submit contributions in accordance with the terms of those agreements, thereby violating the provisions of those agreements.

2. Venue lies in this Court under LMRA Section 301(c)(1) (29 U.S.C. § 185(c)(1)) in that the Plaintiff labor organization is administered in Dane County, Wisconsin.

## Parties

3. Plaintiff Operative Plasterers and Cement Masons #204 is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 1201 Post Road, Madison, Wisconsin 53713.

4. Defendant Preferred Concrete & Excavating, Inc. (hereinafter "Preferred") is a is a foreign corporation, engaged in business in the State of Illinois, with principal offices located at 1321 South Adams Avenue, Freeport, Illinois 61032. Its president is Gerald Hartman, 1321 South Adams Avenue, Freeport, Illinois 61032.

## Facts

5. For purposes of this Complaint, Operative Plasterers and Cement Masons #204 is hereinafter referred to as the "Union."

6. Preferred is an employer and party in interest in an industry affecting commerce within the meaning of the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, Preferred was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Union.

8. The Union represents, for purposes of collective bargaining, certain of Preferred's employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Preferred agreed to make timely payments to the Union for each employee covered by said Labor Agreements.

10. Preferred has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements by failing to make continuing and prompt payments to the Union as required by the Labor Agreements.

11. Despite demands that Preferred perform its contractual obligations, the Plaintiff has ascertained that said Defendant has wholly failed, neglected, omitted and refused to make those payments. To the best of Plaintiff's knowledge, the following is a summary of the delinquent contributions Preferred owes to Plaintiff:

<u>Audited Period January 1, 2010 through October 31, 2012</u>:
Operative Plasterers and Cement Masons #204                              $1,548.54

<u>Unaudited Period November 1, 2012 through the Present</u>:
Operative Plasterers and Cement Masons #204                              Unknown

### Claim One - Against Defendant Preferred Concrete & Excavating, Inc.
### Violation of LMRA § 301 (29 U.S.C. § 185)

12. As and for their first claim for relief against Preferred, the Plaintiff realleges each and every allegation contained in paragraphs 1 through 11 above and incorporates the same as though fully set forth herein word for word.

13. Due demand has been made upon Preferred for payment of all outstanding working dues, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

14. Because, as the Union is informed and believes, Preferred has not paid timely and prompt working dues on behalf of union members, the Union's income is reduced, and its members may be forced to pay working dues out of pocket even though

said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Preferred:

    A. For $1,548.54, representing unpaid working dues owed to the Union and January 1, 2010 through October 31, 2012;

    B. For unpaid working dues owed to the Union for the period November 1, 2012 through the date this action was commenced;

    C. For unpaid working dues owed to the Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

2. For such other, further or different relief as the court deems just and proper.

Dated this 9th day of June, 2014.

s/Benjamin J. Roovers
Benjamin J. Roovers (SBN 1092395)
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, #202
P. O. Box 12993
Milwaukee, WI   53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: bjr@previant.com

Attorney for Plaintiffs
